Antonio Valla, Esq. (SBN 136256)
Stefano Abbasciano, Esq. (SBN 277680)
Lisa Parrish, Esq. (SBN 300499)
VALLA & ASSOCIATES, INC., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
Telephone:  415.856.9001
Fax: 415.856.9002

Attorneys for Plaintiff
Suzanne T. Gonzales

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SUZANNE T. GONZALES, an individual,

   Plaintiff,

  vs.

CALIBER HOME LOANS, INC., a Delaware
Corporation; and DOES 1-20

   Defendants.

CASE NO:  '17 CV 1352 H    BGS

**COMPLAINT FOR DAMAGES**
1) **Disability Discrimination in Violation
   of 42 U.S.C. § 12111, et. seq.**
2) **Disability Discrimination in Violation
   of Cal. Gov. Code § 12940 (a)**
3) **Disability Discrimination in Violation
   of Cal. Gov. Code §12940 (m) —
   Failure to Provide Reasonable
   Accommodation**
4) **Disability Discrimination in Violation
   of Cal. Gov. Code § 12940 (n) —
   Failure to Engage in the Interactive
   Process**
5) **Retaliation in Violation of Cal. Gov.
   Code §§ 12940 (h) and 12945(1)**
6) **Wrongful Termination in Violation of
   Public Policy**
7) **Failure to Prevent Harassment,
   Discrimination and Retaliation in
   Violation of Cal. Gov. Code § 12940
   (k)**
8) **Unfair Business Practices in Violation
   of California Bus. & Prof. Code §
   17200 *et seq*.**
9) **Failure to Provide Personnel Records
   in Violation of California Labor Code
   § 1198.5**

**DEMAND FOR JURY TRIAL**

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1    Plaintiff Suzanne T. Gonzales ("Plaintiff"), by and through her undersigned counsel, brings

2    this suit against Defendant Caliber Home Loans, Inc. ("Caliber") and DOES 1 through 20, inclusive,

3    and alleges as follows:

4                                    **PARTIES**

5    1.   Plaintiff Gonzales, an individual, is a resident of San Diego, County of San Diego,

6    State of California.

7    2.   Defendant Caliber is a corporation organized under the laws of the State of Delaware.

8    Plaintiff is informed and believes, and thereon alleges, that Caliber, at all relevant times, owned

9    property, operated a facility, and/or employed and/or jointly employed individuals, including Plaintiff,

10   at the "San Diego Office", located at 16745 W. Bernardo Drive, Suite 300, San Diego, County of San

11   Diego, State of California. Caliber employs thousands of employees throughout the United States.

12   3.   The true names and capacities of Defendants DOES 1 to 20 are unknown to Plaintiff

13   who will amend this complaint to allege such names and capacities as soon as they are ascertained.

14   Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts

15   and damages alleged herein.

16   4.   The Defendants referenced to in paragraphs 2 and herein may hereinafter be referred to,

17   collectively, as Defendants.

18                          **JURISDICTION AND VENUE**

19   5.   This action is a civil action of which this Court has original jurisdiction under 28

20   U.S.C. § 1331.

21   6.   Venue is proper in this District because Plaintiff is a resident of San Diego, California,

22   and was an employee of Caliber in San Diego, California. Furthermore, this Court has personal

23   jurisdiction over defendants because all acts or omissions by Caliber with respect to one or more

24   causes of action, as well as Plaintiff's injury arising from these acts or omissions, occurred in San

25   Diego, California.

26   //

27   //

28   //

COMPLAINT FOR DAMAGES

*Valla & Associates, Inc., P.C.*
*333 Bush Street, Suite 2020*
*San Francisco, CA 94104*
*www.vallalaw.com*

**GENERAL FACTUAL ALLEGATIONS**

7.  Plaintiff began her employment with Caliber's predecessor, Vericrest Financial, Inc. ("Vericrest"), on or about February 27, 2012, in the position of property solutions specialist, at Vericrest's offices located in San Diego, California.

8.  Upon Vericrest merging with Caliber Funding, LLC, Plaintiff continued her employment with the entity resulting from the merger, Defendant Caliber, in the same position of property solutions specialist, at the San Diego Office.

9.  In June 2016, Plaintiff was diagnosed with breast cancer. Plaintiff's condition required, and still requires, Plaintiff to undergo periodic treatment.

10. Additionally, due to her condition, Plaintiff requested work-related accommodations, and her health care provider signed an EDA evaluation on January 25, 2017, finding that Plaintiff, while able to perform her job functions, would work at a slower pace as a consequence of her symptoms, pain and nausea associated with her medical condition and its treatment, and would need additional time to complete her tasks until at least December 31, 2017.

11. Regrettably, Plaintiff did not receive any reasonable accommodations as indicated in the EDA evaluation. Instead, Caliber started harassing Plaintiff. As a nonexclusive example, Caliber moved Plaintiff to a segregated area within the San Diego Office because Caliber's management thought that Plaintiff's presence, when she lost her hair or felt nauseous as a consequence of her cancer treatment, would disturb the other employees.

12. Also, Caliber increased the performance requirements for all employees and repeatedly reprimanded Plaintiff for her slower work pace because she would not be able to meet her monthly quotas. At the same time, Caliber was helping other employees to meet their quotas by having management work on these employees' accounts during their absence, and by accounting other employees' work differently from Plaintiff's, in a discriminatory fashion.

13. Furthermore, Caliber has failed to provide Plaintiff with adequate accommodations related to her disability, fair and adequate monthly quotas, and a reasonable and fair work environment.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

COMPLAINT FOR DAMAGES

14. On or about March 7, 2017, Defendant terminated Plaintiff because she did not meet her monthly quotas.

15. Finally, on or about March 16, 2017, Plaintiff requested that Caliber produce Plaintiff's employee file. Caliber never responded to such request, and Caliber has not produced any documents as required by applicable law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Prior to commencing this civil action, and within the time provided by law, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") regarding Plaintiff's federal claims.

17. Prior to commencing this civil action, and within the time provided by law, Plaintiff requested, and received, a "Right-to-Sue" letter from the EEOC (EEOC Right-to-Sue letter attached hereto as **Exhibit A**).

18. Prior to commencing this civil action, and within the time provided by law, Plaintiff requested, and received, a "Right-to-Sue" Letter from the California Department of Fair Employment and Housing ("DFEH") regarding Plaintiff's state law claims (DFEH Right-to-Sue letter attached hereto as **Exhibit B**).

## FIRST CAUSE OF ACTION
### (Disability Discrimination in Violation of 42 U.S.C. § 12111. et. seq.)

19. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

20. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111.

21. Defendants are each an "employer" within in the meaning of 42 U.S.C. § 12111(5)(A)

22. At all times herein mentioned, the Americans with Disabilities Act ("ADA") was in full force and effect and binding on Defendants.

23. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individuals in regard to job application

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

24. Furthermore, the ADA requires covered employers to make reasonable accommodations to the known physical limitations of otherwise qualified individuals with disabilities 42 U.S.C. § 12112(5)(B).

25. Defendants discriminated against Plaintiff due to her disability in that Defendants increased the work requirements, helped other employees to meet those requirements, harassed Plaintiff for her slower work pace, and terminated Plaintiff's employment on or about March 7, 2017.

26. Additionally, Defendants discriminated against Plaintiff by not providing her with reasonable accommodations.

27. Defendants have further discriminated against Plaintiff because of her disability, by "using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disability . . ." 42 U.S.C. § 12112(6).

28. Defendants' conduct is a violation of Title I of the ADA and on account thereof, Plaintiffs are entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs for which Defendants are liable to Plaintiffs. 42 U.S.C § 12117(a).

## SECOND CAUSE OF ACTION
### (Disability Discrimination in Violation of Cal. Gov. Code § 12940 (a))

29. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

30. At all times herein mentioned, the FEHA, Government Code § 12940 et. seq., was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating against any employee on the basis of disability.

31. Plaintiff had disabilities and/or medical conditions during her employment with Defendants that were contemporaneously known to Defendant and/or Does 1-20. Plaintiff, however, was qualified and able to perform the essential functions of her position with reasonable accommodations.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

COMPLAINT FOR DAMAGES

32. During Plaintiffs employment, Defendants, through their supervisors, human resources personnel and agents, discriminated against Plaintiff because of her disabilities by subjecting her to adverse employment conditions including, but not limited to, failing to engage in the interactive process, failing to provide reasonable accommodation, and, ultimately, terminating her employment.

33. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

34. As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

35. As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

36. Caliber and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## THIRD CAUSE OF ACTION
### (Disability Discrimination in Violation of Cal. Gov. Code § 12940 (m) — Failure to Provide Reasonable Accommodation)

37. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

38. At all times herein mentioned, the FEHA, Government Code § 12940(m), was in full force and effect and binding on Defendants. These statutes required Defendants to provide reasonable accommodations that allow an employee suffering from a known physical or mental disability, to perform the essential functions of her job.

39. Plaintiff had disabilities and/or medical conditions during her employment with Caliber and/or DOES 1-20, which caused work restrictions that required accommodation.

40. Defendants were aware that Plaintiff had qualifying disabilities under FEHA that caused work restrictions that required accommodation but they failed to provide reasonable accommodation(s).

41. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

42. As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

43. As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

44. Caliber and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violation of Cal. Gov. Code § 12940 (n) — Failure to Engage in the Interactive Process)

45. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

46. At all times herein mentioned, the FEHA, Government Code § 12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing an employee's physical or mental disabilities in order to provide a reasonable accommodation. Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability.

47. Plaintiff had disabilities and/or medical conditions during her employment with Caliber and/or DOES 1-20, which caused work restrictions that required accommodation.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

48. Caliber and/or DOES 1 -20 were aware that Plaintiff had qualifying disabilities under FEHA that caused work restrictions that required accommodation but they failed to provide accommodation(s) and/or engage in the interactive process.

49. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

50. As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

51. As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

52. Caliber and/or DOES 1 -20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

### FIFTH CAUSE OF ACTION
### (Retaliation in Violation of Cal. Gov. Code §§ 12940 (h) and 12945(1))

53. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully stated herein.

54. At all times herein mentioned, FEHA and Government Code §§ 12940 (h) and 12945.2(1), were in full force and effect and binding on Defendants Caliber and/or DOES 1-20. These statutes require Defendants to refrain from retaliating against any employee for asserting their rights under the FEHA and the CFRA. Plaintiff engaged in the protected activity of requesting and/or requiring a reasonable accommodation for her disability pursuant to Government Code § 12940 (m), and by requesting and/or requiring CFRA leave.

55. Defendants retaliated against Plaintiff, in part, by refusing to provide any accommodation, by failing to engage in a good faith interactive process, by subjecting her to adverse employment conditions including denying her leave and by terminating her employment.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

56. As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

57. As a proximate result of said retaliation, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

58. As a proximate result of said retaliation, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

59. Caliber and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SIXTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

60. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

61. In violating FEHA's prohibitions against terminating an employee based upon that employee's disability, retaliating against an employee for requesting reasonable accommodation of an employee's physical disability and/or requesting and/or requiring use of CFRA leave, Defendants' termination of Plaintiff was in violation of fundamental public policies for the benefit of the public. Specifically, the public policy behind those statutes was the prevention of disability discrimination and retaliation. Defendants violated this public policy by terminating, retaliating against and/or discriminating against Plaintiff in part on the basis of her disability, and requesting reasonable accommodation and/or CFRA leave.

62. As a proximate result of Defendants' willful, knowing and intentional wrongful termination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

//

//

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

63. As a proximate result of said wrongful termination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

64. As a proximate result of said wrongful termination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

65. Caliber and/or DOES 1 -20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SEVENTH CAUSE OF ACTION

**(Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k))**

66. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

67. At all times herein mentioned, Government Code §12940 (k), was in full force and effect and binding on Defendants Caliber and/or DOES 1-20. This statute required these defendants to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

68. During Plaintiff s employment with Defendants Caliber and/or DOES 1 -20, Plaintiff engaged in the protected activity of requesting a leave, and accommodations for her disabilities but the Defendants Caliber and/or DOES 1-20, through their supervisors, personnel and agents, failed to take all reasonable steps to prevent further discrimination, harassment and/or retaliation from occurring.

69. As a proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

70. As a proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered and continues to suffer general damages in a sum according to proof.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

71. As a proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

72. Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff s rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of each.

## EIGHTH CAUSE OF ACTION
### (Unfair Business Practices in Violation of California Bus. & Prof. Code §§ 17200 *et seq.*)

73. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

74. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

75. Beginning at least three years prior to the filing of this action, Caliber committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200 by failing to provide adequate accommodations related to her disability, by accounting other employees' work differently from Plaintiff's in a discriminatory fashion, and by failing to provide a reasonable and fair work environment, among others.

76. The above-described unlawful actions of Caliber constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200 *et seq.*

77. As a result of their unlawful acts, Caliber has reaped benefits and illegal profits at the expense of Plaintiff. Caliber should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

//

//

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

## NINTH CAUSE OF ACTION

### (Failure to Provide Personnel Records in Violation of California Labor Code § 1198.5)

78. Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs of this complaint as if fully set forth herein.

79. California Labor Code § 1198.5(b)(1) provides that an employer shall make the contents of personnel records available for inspection to the former employee, upon request in writing, no longer than 30 calendar days from the date the employer receives the written request.

80. Plaintiff sent a written request for records on March 16, 2017.

81. Caliber never provided Plaintiff with records nor made the contents of her records available for inspection.

82. As a result of their unlawful acts, Caliber is in violation of California Labor Code § 1198.5.

83. California Labor Code § 1198.5(k) imposes a civil penalty, in addition to any other penalty provided by law, of seven hundred fifty dollars ($750) from the employer for any violation of this section.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally as follows:

1) For general damages;

2) For compensatory damages;

3) For punitive damages;

4) For interest, costs of suit and attorneys' fees;

5) For applicable statutory penalties; and

6) Such other and further relief as this Court may deem proper and just including, but not limited to, declaratory and/or injunctive relief.

DATED: July 5, 2017                    Valla & Associates, Inc., P.C.

                                      _/s/ Stefano Abbasciano_____
                                      Stefano Abbasciano, Esq.
                                      Attorneys for Plaintiff Suzanne Gonzales

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Suzanne T. Gonzales**<br>**11831 Bernardo Terrace, A102**<br>**San Diego, CA 92128** | From:  **San Diego Local Office**<br>**555 W. Beech Street**<br>**Suite 504**<br>**San Diego, CA 92101** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2017-00510** | **Garrett D. Hoover,**<br>**Supervisor** | **(619) 557-7288** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Christopher S. Green,**
**Local Office Director**

6/30/17
*(Date Mailed)*

Enclosures(s)

cc:

| | |
|---|---|
| **Karen Copp**<br>**AVP of Human Resources**<br>**CALIBER HOME LOANS**<br>**3701 Regent Blvd, Suite 200**<br>**Irving, TX 75063** | **Lisa M. Parrish, Esq.**<br>**VALLA & ASSOCIATES, INC., P.C.**<br>**333 Bush Street, Suite 2020**<br>**San Francisco, CA 94104** |

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 22, 2017

Suzanne Gonzales
11831 Bernardo Terrace, A102
San Diego, California 92128

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 884720-297485
Right to Sue: Gonzales / Caliber Home Loans, Inc.

Dear Suzanne Gonzales,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 22, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

### BEFORE THE STATE OF CALIFORNIA

3

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

**Under the California Fair Employment and Housing Act**

4

**(Gov. Code, § 12900 et seq.)**

5

6    In the Matter of the Complaint of                    DFEH No. 884720-297485
Suzanne Gonzales, Complainant.

7    11831 Bernardo Terrace, A102
San Diego, California  92128

8

9    vs.

10   Caliber Home Loans, Inc., Respondent.
16745 W. Bernardo Drive, #300

11   San Diego, California 92127

12

13

Complainant alleges:

14

15   1. Respondent **Caliber Home Loans, Inc.** is a **Other** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16   Complainant believes respondent is subject to the FEHA.

17   2. On or around **March 07, 2017**, complainant alleges that respondent took the
following adverse actions against complainant: **Discrimination Denied a work**

18   **environment free of discrimination and/or retaliation, Denied reasonable
accommodation, Terminated,** .  Complainant believes respondent committed these

19   actions because of their: **Disability, Family Care or Medical Leave** .

20   3. Complainant **Suzanne Gonzales** resides in the City of **San Diego**, State of

21   **California**.  If complaint includes co-respondents please see below.

22



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

May 22, 2017

Suzanne Gonzales
11831 Bernardo Terrace, A102
San Diego, California 92128

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 884720-297485
Right to Sue: Gonzales / Caliber Home Loans, Inc.

Dear Suzanne Gonzales,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 22, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of                    DFEH No. 884720-297485
Suzanne Gonzales, Complainant.
11831 Bernardo Terrace, A102
San Diego,  California  92128

vs.

Caliber Home Loans, Inc., Respondent.
16745 W. Bernardo Drive, #300
San Diego,  California 92127

Complainant alleges:

1. Respondent **Caliber Home Loans, Inc.** is a **Other** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **March 07, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Family Care or Medical Leave** .

3. Complainant **Suzanne Gonzales** resides in the City of **San Diego**, State of **California**. If complaint includes co-respondents please see below.

DFEH 902-1

-5-

*Complaint ± DFEH No. 884720-297485*

Date Filed: May 22, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Suzanne Gonzales has retained Valla & Associates, a Professional Corporation, to represent her for California Fair Employment and Housing Act violations, specifically disability discrimination against her former employer, Caliber Home Loans, Inc. (Caliber) Caliber is a Texas company with an office located in San Diego, California, that provides home loans. Ms. Gonzales began her employment with Caliber`s prdecessor, Vericrest Financial, Inc. on or about February 27, 2012 and continued working for Caliber after the merger between Vericrest and Caliber. Ms. Gonzales was wrongfully terminated on March 7, 2017 as a result of her disability related to her diagnosis of cancer. At all relevant times, Ms. Gonzales was employed in San Diego, California. Over the course of Ms. Gonzales` employment with Caliber, she had several health-related issues, which required treatment related to her cancer diagnosis, which is considered a medical condition pursuant to California law. Caliber`s conduct throught Ms. Gonzales` employment and upon her termination was in clear violation of California and law. As a non-exclusive example, Caliber failed to accommodate, or offer a reasonable accommodation, to Ms. Gonzales as required by law. Furthermore, Caliber egregiously discriminated against Ms. Gonzales, and wrongfully terminated her on the basis of her ongoing medical condition, in violation of California`s Fair Employment and Housing Act. Finally, in violation of the California Labor Code Sections 226 and 1198.5, Caliber failed to provide Ms. Gonzales with her records as she specifically requested on March 16, 2017.

*Complaint ± DFEH No. 884720-297485*

DFEH 902-1

Date Filed: May 22, 2017

1

VERIFICATION

2

I, **Lisa M. Parrish**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4

On May 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6

**San Francisco, CA**
**Lisa M. Parrish**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

*Complaint ± DFEH No. 884720-297485*

Date Filed: May 22, 2017



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

COMPLAINT OF DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

## RIGHT-TO-SUE

### Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy

**DFEH CASE NUMBER:**

**884720-297485**

**COMPLAINANT:**

NAME:                                                         TELEPHONE NUMBER:

Suzanne Gonzales                                         619-587-2301

ADDRESS:

11831 Bernardo Terrace, A102

CITY/STATE/ZIP:

San Diego, California 92128

**NAMED OF THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICES COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME:                                                         TELEPHONE NUMBER:

Caliber Home Loans, Inc.

ADDRESS:

16745 W Bernardo Drive #300

CITY/STATE/ZIP: San Diego, California 92127

NUMBER OF EMPLOYEES:                          TYPE OF EMPLOYER:

5,000-10,000                    Company

**ADD CO-RESPONDENT:**

**(Individuals who were involved in this particular complaint):**

NAME/TITLE:                    ADDRESS:                    TELEPHONE NUMBER:




Do you have an attorney who agreed to represent you in this matter? ☑Yes ☐No

If yes, please provide the attorney's contact information.

Attorney Name:  Lisa M. Parrish

Attorney Firm Name:  Valla & Associates, Inc., P.C.

Attorney Address:  333 Bush St., Suite 2020

Attorney City, State, and Zip: San Francisco, California 94104

RECEIVED

MAY 2 2 2017

Department of Fair Employment & Housing
Elk Grove

DATE MOST RECENT DISCRIMINATION TOOK PLACE (Month/Day/Year): March 7, 2017

**Briefly describe what you believe to be the reason(s) for the discrimination, harassment or retaliation. (Optional)**

Suzanne Gonzales has retained Valla & Associates, a Professional Corporation, to represent her for California

Fair Employment and Housing Act violations, specifically disability discrimination against her former employer, Caliber Home Loans, Inc. ("Caliber")

Caliber is a Texas company with an office located in San Diego, California, that provides home loans. Ms. Gonzales began her employment

with Caliber's prdecessor, Vericrest Financial, Inc. on or about February 27, 2012 and continued working for Caliber

after the merger between Vericrest and Caliber. Ms. Gonzales was wrongfully terminated on March 7, 2017 as a

result of her disability related to her diagnosis of cancer. At all relevant times, Ms. Gonzales was employed in

San Diego, California.


Over the course of Ms. Gonzales' employment with Caliber, she had several health-related issues, which required treatment

related to her cancer diagnosis, which is considered a medical condition pursuant to California law. Caliber's conduct throught

Ms. Gonzales' employment and upon her termination was in clear violation of California and law.

As a non-exclusive example, Caliber failed to accommodate, or offer a reasonable accommodation, to Ms. Gonzales

as required by law. Furthermore, Caliber egregiously discriminated against Ms. Gonzales, and wrongfully terminated

her on the basis of her ongoing medical condition, in violation of California's Fair Employment and Housing Act.


Finally, in violation of the California Labor Code Sections 226 and 1198.5, Caliber failed to provide Ms. Gonzales with her

records as she specifically requested on March 16, 2017.

1. I ALLEGE THAT I EXPERIENCED:   ☑ Discrimination   ☐ Harassment   ☐ Retaliation

**BECAUSE OF MY ACTUAL OR PERCEIVED:**

☐ Age - 40 and over
☐ Ancestry
☐ Association with a member of a protected class
☐ Color
☑ Disability (physical or mental)
☐ Engagement in Protected Activity
☑ Family Care or Medical Leave
☐ Genetic Information (information about genetic tests or participation in clinical research or manifestation of disease)
☐ Marital Status
☐ Medical Condition - Including cancer or cancer related medical condition or genetic characteristics (a gene, chromosome or characteristic not presently associated with symptoms of disease)
☐ National Origin - Includes language use restriction and use and possession of a driver's license issued to persons unable to prove their presence in the U. S. is authorized under federal law
☐ Race
☐ Religion - Includes religious dress and grooming practices
☐ Sex - Gender
☐ Sex - Gender identity or Gender expression
☐ Sex - Includes pregnancy, childbirth, breastfeeding and/or related medical conditions
☐ Sexual Orientation
☐ Other (specify) _____
☐ Military or Veteran status

**AS A RESULT, I WAS:**

☐ Asked impermissible non-job-related questions
☐ Demoted
☐ Denied a good faith interactive process
☑ Denied a work environment free of discrimination and/or retaliation
☐ Denied continuation of employer-paid health care coverage while on pregnancy disability leave
☐ Denied employment
☐ Denied equal pay
☐ Denied family care or medical leave
☐ Denied or force to transfer
☐ Denied pregnancy leave
☐ Denied promotion
☑ Denied reasonable accommodation
☐ Denied reinstatement
☐ Denied the right to wear pants
☐ Forced to quit
☐ Laid-off
☑ Terminated
☐ Tested for genetic characteristics
☐ Other (specify) _____

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it them to be true.

Signature of Complainant or Complainant's Legal Representative:                    Date:

May 18, 2017

Printed Name: Lisa M. Parrish

# DEMOGRAPHIC INFORMATION
THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

Primary Language: <u>English</u>

Age: <u>50</u>

**GENDER:**
- ☐ Male
- ☑ Female
- ☐ Other

**MARITAL STATUS:**
- ☐ Single
- ☑ Married
- ☐ Cohabitation
- ☐ Divorced

**RACE:**
- ☐ American Indian, Native American or Alaskan Native
- ☐ Asian
- ☐ Black or African American
- ☐ Native Hawaiian or Other Pacific Islander
- ☐ White
- ☑ Other

**NATIONAL ORIGIN:**
- ☐ Afghani National Origin
- ☑ American [U.S.A.] National
- ☐ Origin Asian Indian National
- ☐ Origin Bangladeshi National
- ☐ Origin Cambodian National
- ☐ Origin Canadian National
- ☐ Origin Chinese National
- ☐ Origin Cuban National Origin
- ☐ Dominican National Origin
- ☐ Egyptian National Origin
- ☐ English National Origin
- ☐ Ethiopian National Origin
- ☐ Fijian National Origin
- ☐ Filipino National Origin
- ☐ German National Origin
- ☐ Ghanaian National Origin
- ☐ Guamanian National Origin
- ☐ Haitian National Origin
- ☐ Hawaiian National Origin
- ☐ Hmong National Origin
- ☐ Indonesian National Origin
- ☐ Iranian National Origin
- ☐ Iraqi National Origin
- ☐ Irish National Origin
- ☐ Israeli National Origin

**ETHNICITY:**
- ☑ Hispanic or Latino
- ☐ Non-Hispanic or Latino
- ☐ Italian National Origin
- ☐ Jamaican National Origin Japanese
- ☐ National Origin
- ☐ Korean National Origin
- ☐ Laotian National Origin
- ☐ Lebanese National Origin Malaysian
- ☐ National Origin
- ☐ Mexican National Origin
- ☐ Nigerian National Origin
- ☐ Other National Origin
- ☐ Other African National Origin
- ☐ Other Asian National Origin
- ☐ Other Caribbean National Origin
- ☐ Other European National Origin
- ☐ Other Hispanic/Latino National
- ☐ Origin Other Middle Eastern National
- ☐ Origin Pakistani National Origin
- ☐ Puerto Rican National Origin
- ☐ Salvadoran National Origin Samoan
- ☐ National Origin
- ☐ Sri Lankan National Origin
- ☐ Syrian National Origin
- ☐ Taiwanese National Origin
- ☐ Thai National Origin
- ☐ Tongan National Origin Vietnamese
- ☐ National Origin

# DEMOGRAPHIC INFORMATION

THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

## DISABILITY:

- ☐ AIDS or HIV
- ☐ Blood / Circulation
- ☐ Brain / Nerves / Muscles
- ☐ Digestive / Urinary / Reproduction
- ☐ Hearing
- ☐ Heart
- ☐ Limbs [ Arms / Legs ]
- ☐ Mental
- ☐ Sight
- ☐ Speech / Respiration
- ☐ Spinal / Back / Respiration
- ☑ Other Disability

## RELIGION:

- ☐ Agnostic
- ☐ Atheist
- ☐ Bahai
- ☐ Buddhism
- ☐ Catholicism
- ☐ Christianity
- ☐ Confucianism
- ☐ Hinduism
- ☐ Islam
- ☐ Jehovah's Witness
- ☐ Judaism
- ☐ Neo-Paganism
- ☐ Nonreligious
- ☐ Protestantism
- ☐ Primal-indigenous
- ☐ Quakers
- ☐ Rastafarianism
- ☐ Spiritism
- ☐ Shinto
- ☐ Sikhism
- ☐ Taoism
- ☐ Unitarian-Universalism
- ☐ Zoroastrianism
- ☐ Other

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

### Instructions to Obtain a Right-to-Sue Notice

You are in the process of requesting a Right-to-Sue notice from the Department of Fair Employment and Housing (Department or DFEH). The Fair Employment and Housing Act (FEHA), at Government Code section 12965, subdivision (b), requires that individuals exhaust their administrative remedies with the Department by filing a complaint and obtaining a Right-to-Sue notice from the Department before filing a lawsuit under the FEHA. The Department will accept requests for an immediate Right-to-Sue notice from persons who have decided to proceed in court. Your complaint must be filed within one year from the last act of discrimination or you may lose your right to file a lawsuit under the FEHA.

Proceeding directly to court without an investigation by the Department is advisable only if you have an attorney. If you do not have an attorney, you can file a discrimination complaint that the Department may investigate. If you decide to file a lawsuit at a later time, you can still do so. If you wish to have your complaint considered for investigation by the Department, you must complete and submit a Pre-Complaint Inquiry. To file a Pre-Complaint Inquiry, you may select one of the following methods:

- Use the Department's online system at www.dfeh.ca.gov.
- Call the Communication Center at (800) 884-1684. If you have a hearing impairment, please call 800-884-1684 or TTY at (800) 700-2320 for service.
- Request the Pre-Complaint Inquiry form, complete and return it via U.S. mail to any of DFEH's office locations (http://www.dfeh.ca.gov/Offices.htm).
- E-mail the Pre-Complaint Inquiry form to contact.center@dfeh.ca.gov.

If you wish to consult an attorney, you may wish to visit the California State Bar website at www.calbar.ca.gov for legal referral resources.

If you receive a Right-to-Sue notice, your complaint **will not** be investigated by DFEH even if you later decide not to file a lawsuit and your complaint will not be dual-filed by DFEH with the U.S. Equal Employment Opportunity Commission (EEOC). In order to receive a federal Right-to-Sue notice, you must file a complaint with EEOC within 30 days of the receipt of the "Notice of Case Closure and Right-to-Sue" or within 300 days of the alleged discriminatory act, whichever is earlier.

**In filing a complaint utilizing this process you are acknowledging the following:**

1. You elect to not exercise your option of having the Department investigate your complaint and elect court action at a later date.
2. You understand that you should have an attorney to file a lawsuit.
3. You understand that you have one year from the date of your Right-to-Sue notice to file a lawsuit.
4. You understand that once DFEH has issued you a Right-to-Sue notice, DFEH **will not** investigate or reopen your complaint.
5. You understand that DFEH **will not** file your complaint with EEOC, and that if you wish to obtain a federal Right-to-Sue notice from EEOC, you must contact EEOC at www.eeoc.gov or at (800) 669-4000 or TTY (800) 669-6820.

If you choose to proceed, please complete and return the form to: DFEH, 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758.

Right-to-Sue Form
Revised 12/16



Valla & Associates, Inc., P.C.  |  333 Bush Street, Suite 2020
A Professional Corporation     |  San Francisco, CA 94104



CERTIFIED MAIL

7003 0500 0001 0554 4080



DEPARTMENT OF FAIR EMPLOYMENT &
HOUSING
2218KAUSEN DRIVE, SUIE 100
ELK GROVE, CA 95758

SE7SE687178 R06i